UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT CANTU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No: SA-17-CA-306-XR |
| | ) |
| BEXAR COUNTY, ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed February 21, 2018 (docket no. 46) and Plaintiff's objections thereto (docket no. 48).

**Background**

Plaintiff Robert Cantu brings this action against Bexar County and several individual defendants under § 1983 due to his alleged wrongful conviction and incarceration for over six years. Plaintiff was indicted on drug related charges in 2008 and convicted and sentenced in 2009. Plaintiff alleges he is actually innocent of the criminal charges for which he was imprisoned and subsequently ordered released on April 1, 2015. The Texas Court of Criminal Appeals granted Cantu's petition for writ of habeas corpus on April 1, 2015 on his *Brady* claim but not his actual innocence claim. It set aside his convictions but remanded Cantu into the Sheriff's custody to answer the charges as set out in the indictment, and instructed the trial court to issue a warrant within 10 days of issuance of the mandate. Mandate issued on April 27, 2015. The Bexar County District Attorney's office moved to dismiss the criminal charges on April 28, 2015, noting that

1

there was insufficient evidence to retry the case, and the presiding judge dismissed the case that same day.

Plaintiff, acting *pro se*, filed this lawsuit in the Southern District of Texas, signing his Complaint on April 3, 2017. Plaintiff was incarcerated at the time, apparently on unrelated charges, and remains incarcerated. Plaintiff named only the State of Texas as a defendant. Thereafter, the case was transferred to this Court and referred to the Magistrate Judge for pretrial handling pursuant to a standing order.

The Magistrate Judge issued a Show Cause Order, noting that the § 1983 claims against the State of Texas were barred by Eleventh Amendment immunity, and directing Plaintiff to file an amended complaint with actionable claims. Plaintiff then retained counsel and filed an Amended Complaint on July 7, 2017, asserting claims against Bexar County (including former Sheriff Amadeo Ortiz in his official capacity, which is redundant of the claim against Bexar County), Anthony Alvarado, Individually and in his Official Capacity; Charles Flores, Individually and in his Official Capacity; and Patricia Nava, Individually and in her Official Capacity. Service was then ordered and effected.

Plaintiff alleges that Alvarado, Flores, and Nava were Bexar County Sheriff's deputies at the time of his arrest, were involved in his arrest, and provided materially false information to obtain a search warrant that ultimately led to Plaintiff's arrest and subsequent conviction. Amadeo Ortiz was the Sheriff at the time of Plaintiff's arrest. In March 2010, Defendants Alvarado and Flores were fired from the Bexar County Sheriff's Office and subsequently indicted for their part in a scheme whereby they claimed to pay confidential informants for information used to falsely obtain search warrants in drug cases, but instead pocketed the funds for their personal use. Plaintiff alleges that in March 2010, the Bexar County District Attorney's office sent 239 letters to

defense attorneys in criminal cases prosecuted between January 2006 and December 2009 informing them of the problems with Alvarado and Flores. Plaintiff alleges that his conviction was subsequently overturned due to Defendants' failure to provide this potentially impeaching and/or exculpatory evidence to Plaintiff in violation of *Brady*. Plaintiff asserts malicious prosecution claims under § 1983 and a failure-to-train claim against Bexar County.

Defendants filed motions to dismiss in December 2017, asserting among other things that Plaintiff's claims are barred by the applicable two-year statute of limitations. The Magistrate Judge issued a Report and Recommendation on February 21, 2018, recommending that the motions to dismiss be granted in part on the issue of limitations, and that Plaintiff's case be dismissed as barred by limitations. Plaintiff filed objections to the Report and Recommendation (docket no. 48), asserting that dismissal on limitations grounds was improper because Plaintiff had not yet exhausted his administrative remedies available under Texas law. Plaintiff asserts that he has yet to exhaust his remedies under Texas's Tim Cole Act, under which certain wrongfully convicted and imprisoned persons are entitled to compensation from the state of Texas. TEX. CIV. PRAC. & REM. CODE §§ 103.001–.154; *In re Blair*, 408 S.W.3d 843, 844 (Tex.2013). Plaintiff contends that dismissal is therefore required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) to allow him to exhaust those remedies before limitations would run on his § 1983 claims.

Bexar County also filed an objection to the Magistrate Judge's Report, but only to the extent that the docket indicates that Sheriff Salazar is an individual named Defendant. It appears that the Clerk added Salazar as a party after he was substituted for Sheriff Ortiz as the current Sheriff. The Court agrees that Sheriff Salazar is not a party in his individual capacity, and thus the claims against him, like the claims against Ortiz, are redundant of and treated identically with the

claims against Bexar County.

Any Report or Recommendation that is objected to requires *de novo* review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law.

**Analysis**

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Defendants Alvarado and Flores argue that Cantu's § 1983 claim accrued when his conviction was overturned on April 1, 2015. Defendant Bexar County argues that Cantu's claim accrued no later than April 1, 2015, when he both knew of his harm and his conviction was set aside. And Defendant Nava also argues that the claim of unconstitutional conviction did not accrue until the conviction was invalidated. Because Plaintiff sued these Defendants more than two years later, they contend that the claims are barred by limitations.

The Magistrate Judge correctly noted that the applicable statute of limitations in § 1983 cases is determined by reference to the forum state's general personal injury limitations period, while federal law determines when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). The applicable statute of limitations on such claims is two years. The two-year statute of limitations generally begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. However, given the bar on collateral claims that would impugn a criminal conviction, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Thus, Cantu's

cause of action accrued in April 2015, when the Court of Criminal Appeals set aside his conviction.

All parties appear to assume that this date was April 1, 2015, the date of the Court of Criminal Appeals' opinion, and no one addresses whether the date of mandate issuance is instead the appropriate date. *See Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1131 (7th Cir. 2012) (looking to state law to determine whether plaintiff was fully exonerated on the date of the reversal of the conviction or the date of the mandate); *Edwards Aquifer Authority v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 393 (Tex. 2009) (noting that, whether "an appellate court's decision takes effect the moment the court issues its opinion, order, or judgment, or later when rehearing is denied or the time for rehearing expires, or still later when the clerk issues the mandate, is a difficult question under Texas law and procedure" and not deciding the issue). If it was the date of the Court's opinion, April 1, 2015, Plaintiff's lawsuit is untimely (unless tolling applies, as discussed below). If it was the date of the mandate, Plaintiff's initial filing was within the two-year limitations period, though he sued the State of Texas rather than the current defendants, who were sued in the Amended Complaint filed in July 2017. In this case, Plaintiff's lawsuit could be timely if relation back applies under Rule 15(c).

Assuming without deciding that the mandate issuance date is the accrual date, the Court must first decide whether the amended pleading "relates back" under Rule 15(c) to the date of the original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back;(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the

5

original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. FED. R. CIV. P. 15(c). A

Plaintiff has the burden to demonstrate that an amended complaint relates back under Rule 15(c). *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011). The Magistrate Judge concluded that the Amended Complaint did not relate back under Rule 15(c), docket no. 46 at 6, and Plaintiff has not objected to or otherwise refuted this conclusion.

To relate back, the new defendant must have received notice of the plaintiff's mistake within the Rule 4(m) period, which is the ninety days following filing of the complaint. *Al-Dahir*, 454 F. App'x at 243-44. The question under Rule 15(c)(1)(C)(ii) asks what "the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing [the] original complaint." *Krupski*, 560 U.S. at 548. Even assuming that Plaintiff's naming of the State of Texas as the defendant in the original complaint is a mistake in identification for purposes of Rule 15(c), there is no basis to conclude that Bexar County and the individual defendants named in the Amended Complaint received notice of the mistake within the 90-day period following the filing of the Complaint in April 2017. Under the prison mailbox rule, the Complaint was deemed filed on the date Plaintiff submitted it to prison authorities for mailing. That exact date is unknown, but the Complaint was filed no later than April 10, 2017, when it was received in this Court, and thus the 90-day Rule 4(m) period expired July 9, 2017. Plaintiff filed his Amended Complaint on July 7, 2017, but service was not ordered until

September 26, 2017. Thus, there is no indication that any of the newly added Defendants were aware that Plaintiff had filed this lawsuit or intended to assert claims against them during the 90-day period. Accordingly, the Court agrees with the Magistrate Judge's conclusion that the Amended Complaint does not relate back and the claims are therefore barred by limitations, absent tolling.

Plaintiff contends that limitations should be tolled because he has not yet exhausted the administrative remedy provided by the State of Texas to compensate individuals for wrongful incarceration. He argued before the Magistrate Judge that the PLRA requires him to exhaust his state remedy before bringing this § 1983 action and that limitations on the § 1983 claim is tolled during administrative proceedings. The PLRA provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 41 U.S.C. § 1997e(a). A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id.* § 1997e(h).

The Magistrate Judge concluded that Plaintiff's remedy under the Tim Cole Act is not the sort of remedy that is subject to the PLRA because he is challenging the fact of his imprisonment, not prison conditions. The Magistrate Judge further concluded that, even if the PLRA were applicable, Plaintiff had not yet begun the administrative process, such that limitations expired before any tolling could be applied. He noted that tolling would apply while administrative remedies were pending, not the period in which such administrative remedies could be filed plus the time they were pending.

7

The Court agrees. Although Plaintiff contended before the Magistrate Judge that the Supreme Court held in *Porter v. Nussle*, 534 U.S. 516 (2002) that "prison conditions" includes actions challenging the fact or duration of confinement in addition to the conditions of confinement, he appears to concede at this point that this argument is erroneous. The Supreme Court in *Porter v. Nussle* recognized that prisoner suits are generally one of two types: (1) those challenging the fact or duration or confinement itself, and (2) those challenging the conditions of confinement. But it did not hold that both are cases involving "prison conditions" under the PLRA. Rather, it held that "prison conditions" involves all claims about prison life, whether they involve general circumstances or particular episodes, and did not change the holding in *Preiser* that actions challenging the fact or duration of imprisonment are generally cognizable only as habeas claims.

In his objections, Plaintiff argues that his three-year time limit to pursue his administrative remedy under Texas's Time Cole Act does not expire until April 1, 2018, and that the Magistrate Judge erred in not applying equitable tolling to protect his § 1983 claim from being barred by limitations where the time to seek an administrative remedy under state law has not expired. However, the Court agrees with the Magistrate Judge that no basis for tolling applies. The two-year limitations period expired before Plaintiff initiated any state administrative procedure, and Plaintiff provides no authority showing that tolling applies to the entire three-year period during which Plaintiff could have brought his administrative claim in addition to the time such claim is pending. Further, Plaintiff provides no explanation why he waited until April 2017 to file suit initially and thus has not shown that he has diligently pursued his rights. Plaintiff cites to *Rodriguez v. Holmes*, 963 F.2d 799 (5th Cir. 1992) to argue that this Court may use equitable principles to toll limitations in exceptional circumstances, but that case is inapposite, with unusual circumstances that differ significantly from this case. Further, the *pro se* litigant diligently

pursued his claims and filed his civil rights action immediately after exhausting his state law remedies, and such diligence has not been shown here. The Court agrees with the Magistrate Judge that no basis for tolling applies.

## Conclusion

The Court ACCEPTS the recommendation of the Magistrate Judge to grant the pending motions to dismiss filed by Alvarado and Flores (docket no. 29), Bexar County (docket no. 31), and Nava (docket no. 33) on the basis of limitations. The motions are granted in part and dismissed as moot in part. To the extent the docket reflects Amadeo Ortiz or Javier Salazar as defendants, these defendants are treated as being the same as Defendant Bexar County because the official capacity claims are duplicative, and thus this Order resolves Plaintiff's claims against all Defendants. The motion for hearing (docket no. 45) is denied.

It is therefore ORDERED that Plaintiff's action is dismissed with prejudice as to its refiling in federal court under § 1983, but *without prejudice* to Cantu's right to seek any appropriate relief through the procedures of the State of Texas, including specifically under the Tim Cole Act.

It is so ORDERED.

SIGNED this 22nd day of March, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE